[Civ. No. 5357.   Third Appellate District.—October 11, 1935.]

JACOB SEEBERG, Respondent, v. MATTIE K. SEEBERG, Appellant.

C. Douglass Smith for Appellant.

Henry Cohen for Respondent.

PULLEN, P. J.—This controversy arose in an action for a divorce and involves the ownership of certain real property.

Respondent, as plaintiff in an action for divorce, alleged that certain described lands were his sole and separate property. During the marriage plaintiff purchased the property in question and after making the purchase told his wife of his action. She thereupon insisted that the title be taken in their joint names. Plaintiff at first demurred, but upon the statement of the wife that she would leave him unless he complied with her demand, plaintiff thereupon caused the title to be taken in their joint names.

The court, however, found the real property in controversy was owned, purchased and acquired by plaintiff out of his

separate funds and constituted the separate property of plaintiff, in which defendant had no claim or interest.

The question involved as stated by plaintiff is, "does the mere statement of a wife to her husband, who had purchased real property with his separate funds, that unless he placed said property in their joint names, she would leave him, constitute such undue influence as would justify the trial court in decreeing that the property so transferred was the separate property of the husband, and that the wife never had any right, title or interest therein"?

Both in law and in the common acceptance of the meaning of the word a gift is something voluntarily transferred from one to another without a consideration.

The question for the trial court to determine was whether the transfer from the husband to the wife was voluntary or whether there was such undue persuasion in obtaining an interest in the property as to defeat the deed.

The trial court so found, and we cannot say as a matter of law that such a statement as here made by appellant to respondent under the circumstances here existing, does not constitute undue influence.

No other point having been urged for reversal, the judgment should be affirmed, and it is so ordered.

Thompson, J., concurred.